Citation Nr: 1536781 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 09-25 066 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a low back injury.

2. Entitlement to service connection for a left ankle condition, to include as secondary to service-connected residuals of fractured left second toe.

3. Entitlement to a compensable evaluation for hemorrhoids with a history of anal fissure.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. Gallagher, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1989 to May 1995.

This appeal is before the Board of Veterans' Appeals (Board) from an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. Jurisdiction has since been transferred to the RO in Houston, Texas.

In July 2014, the Veteran elected to have an informal conference in lieu of a formal hearing before a Decision Review Officer in Houston, Texas. A summary of the discussion is included in the VBMS electronic claims file. In March 2015, the Veteran testified during a Board hearing in Houston, Texas, before the undersigned Veterans Law Judge. A transcript is included in the VBMS electronic claims file.

In June 2015, the Board remanded the Veteran's appeal to the RO with instruction to associate the Veteran's VA treatment records with his claims file and conduct any further necessary development. The RO complied with these instructions, and the Board is therefore satisfied that the instructions in its remand of June 2015 have been satisfactorily complied with. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDINGS OF FACT

1. A current low back injury was neither incurred in nor related to service.

2. The Veteran does not suffer from a current disability of the left ankle.

3. The Veteran's hemorrhoids were mild or moderate, and were not large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences, and they not productive of persistent bleeding and with secondary anemia, or fissures.


CONCLUSIONS OF LAW

1. The criteria for service connection for a low back injury have not been met. 38 U.S.C.A. §§ 1101, 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).

2. The criteria for service connection for a left ankle condition, to include as secondary to service-connected residuals of fractured left second toe, have not been met. 38 U.S.C.A. §§ 1101, 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).

3. The criteria for a compensable evaluation for hemorrhoids with a history of anal fissure have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.114, Diagnostic Code 7336 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist
 
Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letters dated June 2008 and February 2009. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records and VA medical records have been obtained. Also, the Veteran was provided VA examinations of his lower back, his left ankle, and his hemorrhoids in August 2008, as well as a second VA examination of his lower back and hemorrhoids in August 2014. The Board finds that these examinations and their associated reports were adequate. Along with the other evidence of record, they provided sufficient information to decide the appeal and a sound basis for a decision on the Veteran's claims. The examination reports were based on examination of the Veteran by examiners with appropriate expertise who thoroughly reviewed the claims file. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Therefore, VA has satisfied its duties to notify and assist, additional development efforts would serve no useful purpose, and there is no prejudice to the Veteran in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). Service connection may also be granted for any disease diagnosed after discharge when the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection is also warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is warranted for any increase in severity of a nonservice-connected disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

For certain chronic diseases, such as arthritis, a presumption of service connection arises if the disease is manifested to a degree of 10 percent within one year following discharge from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a). When a chronic disease is not shown within one year after service, under 38 C.F.R. § 3.303(b) for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. When the fact of chronicity in service is not adequately supported, a showing of continuity after discharge is required to support a claim for such diseases; however, such continuity of symptomatology may only support a claim for those chronic diseases listed under 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Low Back Injury

The Veteran claims service connection for a low back injury.

Service treatment records show that the Veteran was treated for low back pain in November 1993, after suffering three days of back pain after jumping out of a four-by-four. He was diagnosed with a soft tissue injury and prescribed painkillers. In reports of medical history accompanying a routine examination in June 1994 and a separation examination in March 1995, the Veteran explicitly denied having ever suffered from recurrent back pain. When asked to list his current medical conditions, the Veteran listed 12-15 conditions at each examination, none of which involved his back. No back condition was noted by the examiner at either examination.

VA treatment records show that the Veteran was treated for lower back pain in November 2007. There was tenderness to palpation and the straight leg lift test was negative. The Veteran was instructed in stretching exercises and counseled to lose weight.

The Veteran underwent a VA examination in July 2008. The Veteran reported being diagnosed with a low back strain in 1990. He reported stiffness, weakness, numbness, bowel complaints, dizziness, and erectile dysfunction. Pain was rated at 8/10, was constant, and travelled to his legs and feet. On physical examination the examiner found no evidence of radiating pain on movement. There was no muscle spasm, tenderness, or ankylosis. Straight leg raising tests were negative. There was objective evidence of limitation of motion. X-rays showed joint narrowing. The examiner diagnosed the Veteran with a strain of the lumbosacral spine.

VA treatment records reflect that the Veteran reported lower back pain at his yearly physical in August 2008. In an August 2009 neurosurgery consultation, the Veteran reported lower back pain since 1994 getting progressively worse. An MRI showed degenerative changes in the lumbar spine with disc bulges and protrusion, and the neurosurgeon recommended against surgery. The Veteran had an associated physical therapy session in December 2009. Lower back pain was next noted in primary care notes dated September 2011, September 2012, April 2013, October 2013, and April 2014.

At his July 2014 hearing before the RO, the Veteran stated that his low back injury has caused chronic pain since service.

The Veteran underwent another VA examination in August 2014. The Veteran reported that he injured his back jumping from a vehicle in 1994 while in service. The examiner confirmed the Veteran's diagnosis of degenerative disc disease, and opined that the Veteran's back condition was less likely than not related to his in-service injury. The examiner based this opinion on the rationale that the in-service event was minor, involving no neurogenic elements, and without objective evidence of follow-up while on active duty. The examiner further noted that the Veteran's separation examination noted no condition, and the Veteran did not subsequently seek treatment for his lower back until 2007.

VA treatment records reflect that the Veteran reported worsening lower back pain in September 2014.

At his March 2015 Board hearing, the Veteran stated that his current back condition was the result of his November 1993 in-service incident, and that he had suffered pain since that time.

VA treatment records reflect that the Veteran's lower back pain was again noted in a June 2015 primary care note.

The Board finds the August 2014 VA examiner's opinion highly probative. The examiner's opinion was consistent with the medical evidence and based on the rationale that the Veteran's in-service injury was minor and would therefore not have long-term effects. The Board recognizes that the Veteran claims that he has suffered continuous pain since the November 1993 injury. The Board, however, finds more probative the medically documented evidence in conjunction with the opinion of the VA examiner, which shows that the November 1993 injury resolved before separation from service. For these reasons, the Board finds that the evidence weighs against a finding that the Veteran's current low back condition is related to service, and service connection must therefore be denied.

Left Ankle Condition

The Veteran claims service connection for a left ankle condition.

Service treatment records show that the Veteran was treated for a left ankle sprain in June 1993 after suffering an injury while water skiing. The Veteran was prescribed use of crutches for 50 days. In a report of medical history accompanying a June 1994 routine examination, the Veteran reported that he suffered from swollen and painful joints, and specified that he had suffered a left ankle sprain one year prior. He characterized it as an intermittent problem. In a report of medical history accompanying his March 1995 separation examination, however, he no longer reported his ankle among his swollen and painful joints. No ankle abnormality was noted on the examination.

The Veteran underwent a VA examination in July 2008. The Veteran reported having been diagnosed with a sprained left ankle in 1992. He stated that the sprain occurred after he injured his ankle numerous times during service. He reported stiffness, swelling, redness, giving way, and lack of endurance. Pain was constant, rated at 8/10, and travelled to his foot and toes. On physical examination the examiner found no signs of edema, effusion, weakness, tenderness, redness, heat, subluxation, guarding of movement, or deformity. There was no indication of limitation of motion after repetitive use or of malunion of the os calcis or astragalus. X-ray findings were within normal limits. The examiner opined that there was no diagnosis because any strain that had occurred had resolved.

At his July 2014 hearing before the RO, the Veteran broadened his left ankle claim to include as secondary to his service connected residuals of a left second toe fracture.

At his March 2015 Board hearing, the Veteran stated that he has suffered ankle pain since his June 1993 water skiing injury. Specifically, he said that the pain had worsened recently, getting puffy and swollen at the end of the week, though not every week.

The Board finds the July 2008 examiner's diagnosis highly probative. The examiner's conclusion that the Veteran does not suffer a current disability of the left ankle is consistent with the medical evidence. Despite voluminous VA treatment records, many of which reflect that the Veteran sought treatment for pain in his low back, hands, knees, and wrists, there is no indication that the Veteran has ever sought treatment for pain in his left ankle. The Board recognizes that the Veteran has provided statements indicating that he suffers from such pain, but pain alone is not a recognizable disability, there is no evidence in the record of any diagnosis of an underlying pathology. For these reasons, the Board finds that the evidence weighs against a finding that the Veteran suffers from a current disability of the left ankle, and service connection must therefore be denied. 

Increased Rating

The Veteran seeks a compensable evaluation for hemorrhoids. 

Disability evaluations are determined by application of the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. An evaluation of the level of disability present must also include consideration of the functional impairment of the Veteran's ability to engage in ordinary activities, including employment. 38 C.F.R. § 4.10. 

When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. The Veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995).

External or internal hemorrhoids are rated under 38 C.F.R. § 4.114, Diagnostic Code 7336. The Veteran's current 0 percent rating is warranted for mild or moderate hemorrhoids. A higher rating of 10 percent is warranted for hemorrhoids that are large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences. A maximum rating of 20 percent is warranted for hemorrhoids with persistent bleeding and with secondary anemia, or with fissures.

VA treatment records show that in October 2006, while being treated for an unrelated digestive issue, the Veteran reported that his stool was streaked with blood, but that this was usual because of his hemorrhoids. In April 2008, the Veteran reported intermittent bleeding due to his hemorrhoids.

The Veteran underwent a VA examination in July 2008. The Veteran reported anal itching, diarrhea, pain, feeling of an empty bowel, swelling, and perianal discharge. Leakage was present more than two thirds of the day in moderate amounts, requiring a pad twice per day. Discomfort and chronic pain interfered with sitting, walking, and other physical activity. On physical examination the examiner found anal skin tags about 1.0 cm in length, but no evidence of reduction of lumen, loss of sphincter control, fissure, ulceration, trauma, rectal bleeding, anal infections, proctitis, spinal cord injury, protrusions, or rectum fistula. The examiner detected no hemorrhoids, and opined that the Veteran's diagnosis should be changed from hemorrhoids to anal skin tags.

VA treatment records include a July 2014 note of treatment for diarrhea, at which time a small amount of blood was noted in his stool.

The Veteran underwent a second VA examination in August 2014. The Veteran reported infrequent bloody discharge after bowel movements, and an occasional non-painful lump in his anus. The Veteran took continuous medication for his hemorrhoids, specifically a bulking agent for stool. The examiner noted mild external hemorrhoidal tags on visual examination and inspection. There was no anal fissure on visual inspection, no rectal masses, and a normal prostate. There were no scars or other pertinent physical findings. 

At his March 2015 Board hearing, the Veteran stated that his hemorrhoids now get swollen more frequently and there had been an increased release of blood and leakage. He treats flare-ups with ointment.

The Board finds that a compensable rating is not warranted for the Veteran's hemorrhoids. The Veteran's current 0 percent rating is warranted for mild or moderate hemorrhoids. Higher ratings are warranted for hemorrhoids that are large or thrombotic, irreducible, with excessive redundant tissue, evidencing frequent recurrences, or for hemorrhoids with persistent bleeding and with secondary anemia, or with fissures. There is no evidence of such symptomatology in the record. Although there is evidence in the record of bloody discharge in the record, in April 2008 the Veteran characterized his bleeding as intermittent, and at his August 2014 VA examination the Veteran reported that his discharge was infrequent. The August 2008 VA examiner believed that the Veteran did not suffer from hemorrhoids but rather anal skin tags, and the August 2014 VA examiner noted mild external hemorrhoidal tags. Either diagnosis is consistent with the mild or moderate hemorrhoids contemplated by the Veteran's current 0 percent rating. The Board therefore finds that the evidence of bleeding weighs against a finding of the persistent bleeding warranting a 20 percent rating, and that there is no other evidence of symptoms warranting compensable ratings. The Veteran's claim for a compensable rating must therefore be denied.

The Board has considered whether an extraschedular evaluation is warranted for the Veteran's hemorrhoids. In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321. The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Therefore, initially, there must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability. Thun v. Peake, 22 Vet. App. 111 (2008).

Under the approach prescribed by VA, if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. In the second step of the inquiry, however, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." 38 C.F.R. § 3.321(b)(1) (related factors include "marked interference with employment" and "frequent periods of hospitalization"). When the rating schedule is inadequate to evaluate a claimant's disability picture and that picture has related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service for completion of the third step-a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extraschedular rating. Id. 

Turning to the first step of the extraschedular analysis, the Board finds that the symptomatology and impairments caused by the Veteran's service connected disabilities, including anal itching, diarrhea, pain, feeling of an empty bowel, swelling, and perianal discharge, are specifically contemplated by the schedular rating criteria, and no referral for extraschedular consideration is required. 

The Veteran has not expressly raised the matter of entitlement to an extraschedular rating. His contentions have been limited to those discussed above, i.e., that his hemorrhoids are more severe than is reflected by the assigned rating. As was explained in the merits decision above in denying a higher rating, the criteria for higher schedular ratings were considered, but the rating assigned was upheld because the rating criteria are adequate. In view of the circumstances, the Board finds that the rating schedule is adequate, even in regard to the collective and combined effect of all of the Veteran's service connected disabilities, and that referral for extraschedular consideration is not warranted under the circumstances of this case. Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014).


ORDER

Service connection for a low back injury is denied.

Service connection for a left ankle condition, to include as secondary to service-connected residuals of fractured left second toe, is denied.

A compensable rating for hemorrhoids with a history of anal fissure is denied.


____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs